NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRY TRAYLOR, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 07-CV-2751 (DMC) |
| MERRIL MAIN, *et al.*, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon a FED. R. CIV. P. 12 (b)(6) motion to dismiss by Defendants Merrill Main, Louis Norton, Tess Kearney and Jacquelyn Ottino, each of whom is an employee of the New Jersey Department of Human Services, and by Paul Lagana, an employee of the Department of Corrections (collectively "Defendants"). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion to dismiss pursuant to FED. R. CIV. P. 12 (b)(6) is **granted**.

**I.     BACKGROUND**[1]

Plaintiff Terry Traylor is a sexually violent predator civilly committed to the Special Treatment Unit ("STU") in Kearny, New Jersey pursuant to the New Jersey Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30:4-27.24 *et seq*. On June 13, 2007, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983, alleging that his First and Fifth Amendment rights were

---

[1] The facts set forth in this Opinion are taken from the facts in the Parties' FED. R. CIV. P. 56.1 statements in their respective moving papers.

violated by Defendants. Specifically, Plaintiff alleges that Defendants attempted to force him to participate in treatment and make self-incriminating statements. Defendants then allegedly penalized Plaintiff by revoking his institutional privileges because he refused to cooperate with Defendants.

On July 9, 2007, this Court entered an Order pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) dismissing with prejudice Plaintiff's Fifth Amendment claim, asserting a violation of his right against compelled self-incrimination and permitting Plaintiff's First Amendment claim against Defendants to proceed.

## II.   STANDARD OF REVIEW

In deciding a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In Bell Atl. Corp. v. Twombly, the Supreme Court clarified the FED. R. CIV. P. 12(b)(6) standard. See 127 S.Ct. 1955 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." Bell Atl. Corp., 127 S.Ct. at 1968 (citing Conley, 355 U.S. at 45-46). Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise

a right to relief above the speculative level." Bell Atl. Corp., 127 S.Ct. at 1965.

**III. DISCUSSION**

Plaintiff alleges that Defendants violated his constitutional rights because they requested that he discuss his history of sexually violent behavior during the course of group therapy and then penalized him for refusing to do so by withholding certain privileges. These privileges are granted to residents who participated in the treatment. Plaintiff alleges that Defendants attempted to "force [plaintiff] to participate and speak in treatment in violation of [plaintiff's] rights." Merrill Main, Acting Clinical Director at the STU, stated that such a request comports with standard sex offender treatment. Main verified that certain privileges are withheld from those who refuse to participate in treatment. In Main's professional opinion, incentives are necessary to induce a treatment resistant population to participate in treatment. Giving those who refuse treatment the same privileges as those who participate would undermine the entire treatment program.

Defendants are entitled to qualified immunity. Government officials performing discretionary functions "generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 803-09 (1999). Immunity is a question for the court, not the jury. See Saucier v. Katz, 533 U.S. 194, 200 (2001); Hunter v. Bryant, 502 U.S. 224, 228 (1991) (per curiam). The Supreme Court of the United States articulated that "[q]ualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). "The privilege is an "immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is

3

effectively lost if a case is erroneously permitted to go to trial." Id. (emphasis in original).

When a defendant in a § 1983 action claims qualified immunity, the court must apply a two-part test. See Saucier, 533 U.S. at 201. The court must first consider whether the defendant's conduct violated a constitutional right. Then, the court must determine whether the defendant's conduct was objectively reasonable in light of the "clearly established" law. See id. The second prong of the inquiry depends on the particular facts and circumstances of the case. To determine whether a right is clearly established, the court must inquire whether a reasonable official in the situation, would have known that his conduct violated a constitutional right. See id. at 202. It is unnecessary to reach the second prong of the analysis if the facts cannot support a claim for the violation of a constitutional right. Here, Defendants did not violate Plaintiff's constitutional rights as required under the first prong of the qualified immunity analysis. Second, even if Defendants did violate Plaintiff's constitutional rights, Plaintiff cannot meet the standard that the right was clearly established.

Plaintiff's claim that he was required to discuss his sexual offense history proivides no basis for individual liability because "it is not clearly established (indeed it is not the law) that self-accusatory programs . . . are forbidden when treating sex offenders." Allison v. Snyder, 332 F.3d 1076, 1081 (7th Cir. 2003). Indeed, according to Main, such a treatment regimen is a well-recognized and accepted practice used to treat sex offenders. A reasonable official would not consider this conduct unconstitutional in light of the current legal landscape.

The Ninth Circuit recently addressed this issue in Hydrick v. Hunter. See 466 F.3d 676 (9th Cir. 2006). The Court granted qualified immunity to the defendants based on a First

Amendment claim of a right not to participate in sex offender treatment. See Hydrick, 466 F.3d at 693-94. The Court reasoned that, even without deciding whether such a right existed, it was not clearly established. See id. Therefore, Defendants are immune from suit and all claims against them must be dismissed. See Salerno v. Corzine, Civ. Action No. 06-CV-3547, 2007 U.S. Dist. LEXIS 53654 (D.N.J. July 25, 2007).

This Court is cognizant of the leniency given to *pro se* litigants. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Albinson, 356 F.3d 278 (3d Cir. 2004). Even with a more lenient reading of Plaintiff's Complaint, however, it is apparent that no relief may be granted in favor of Plaintiff.

**IV.   CONCLUSION**

For the reasons stated, it is the finding of this Court that Defendants' motion to dismiss is **granted**.  An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:         December 17, 2007
Orig.:        Clerk
cc:           All Counsel of Record
              Hon. Mark Falk, U.S.M.J.
              File